## Commonwealth v. Davenport

*John J. Dempsey, Jr.*, for Commonwealth.
*Harold Rosenn*, for appellant.

FLANNERY, J., September 16, 1947.—On November 1, 1946, petitioner, Richard H. Davenport, Jr., age 17, was involved in a motor accident on Route No. 44, in the Village of Exchange, Montour County, Pa., and his operator's license was suspended by the Secretary of Revenue of the Commonwealth of Pennsylvania for a period of 90 days. This is an appeal from that suspension.

From the evidence it appears that at 8:40 a.m., on the day in question, petitioner was driving in an easterly direction at about 35 miles per hour; he was descending a hill and approaching a car parked on the right-hand side partly on the highway and partly on the berm. As he was about to pass, another car traveling west, or against him, approached; the road was only 16 feet wide and with the parked car occupying part of the cartway there was insufficient room for him to get through. The road was dry, the visibility was very good and "there was an unlimited unobstructed view". To avoid an accident appellant had merely to slow up and/or stop behind the parked car. This he did not do. According to him, he "thought it was impossible to go around him, so I put it in second gear, slowed down and waited for the car to go around. There wasn't enough room to go past and I tried to pass and skidded into him". This explanation is difficult to follow. Standing alone it explains nothing. There must have been other factors. Were his brakes defective before the accident, as his report to the Department of Highways would seem to indicate? And if so, was his speed coming down that hill excessive under all the circumstances?

We can only conclude from all of the evidence that appellant at the time of the accident was not driving with such care and control as the circumstances warranted.

This youth, a student, was—at the time—embarked upon a hunting trip accompanied by a young com-

panion. He was driving a 1931 Ford sedan, his own car. It was 8:40 a.m., already late for their purpose, and they were hastening to their sport. They had just descended a steep hill and according to appellant he had, as a precaution, shifted into second gear, yet he skidded into the parked car. The conclusion of heedless driving or defective equipment—or more probably both —is inescapable.

Appeal dismissed and the order of the Department of Revenue of the Commonwealth of Pennsylvania is affirmed.